Of Counsel:
MILLER SHEA
A Limited Liability Law Company

JEFFREY P. MILLER 7559-0
1001 Bishop Street, Suite 2925
Honolulu, Hawaii 96813
Telephone: (808) 536-2442
Facsimile: (808) 369-8281
Email: jeff@millershealaw.com

Attorney for Plaintiffs
TRUSTEES OF THE HAWAII
CARPENTER TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII CARPENTERS TRUST FUNDS, *Health & Welfare Fund by its trustees* Henry Iida, Russell Young, Audrey Hidano, Glen Kaneshige, Eric Hashizume, George Ehara, Ronald Taketa, Kyle Chock, Shayne Chung, Conrad C. Verdugo, Jr., Ralph Hoohuli, and Travis Murakami; *Apprenticeship & Training Fund by its trustees* Claude Matsumoto, Thomas Toma, Conrad Murashige, Dale Sakamoto-Yoneda, Roy Morioka, Vince Nihipali, Sheri Mau, Mike Goodnight, Kyle Chock, Ronald Taketa, Mitchell Tynanes, Sean Newcamp, Ralph Hoohuli and Travis Murakami; *Vacation & Holiday Fund by its trustees* Gerard Sakamoto, James Watanabe, Paul Silen, Paul Sasaki, Jay Kadowaki, Sharon Thom, Roy Morioka, Kyle | CIVIL NO.<br><br>COMPLAINT; EXHIBITS “A” – “B;” SUMMONS |

Chock, Sean Newcamp, Mitchell )
Tynanes, Ralph Hoohuli, and Travis )
Murakami; *Market Recovery Program* )
*by its trustees* Thalia Choy, Alan )
Shintani, Justin Izumi, Ken )
Kawamoto, Gerard Sakamoto, Bill )
Wilson, Lance Wilhelm, Leonard )
Hoshijo, Justin Kochi, Garrett Takara, )
Sean Newcamp, Kyle Chock, David )
Samson and Mitchell Tynanes; )
*Financial Security Fund by its* )
*trustees* Kenneth Spence, Conrad )
Murashige, Kenneth Sakurai, Wesley )
Mikuni, Alan Shintani, Kyle Chock, )
Ronald Taketa, Shayne Chung, Sean )
Newcamp, Garrett Takara, Ralph )
Hoohuli, Clyde Sugawa, Joyce )
Furukawa, and Travis Murakami; )
*Drywall Training Fund by its trustees* )
Vince Nihipali, Sr., Lito Alcantra, )
Bert Beaman, Mike Goodnight, Kevin )
Respecki, Sean Newcamp, Garrett )
Takara, Edmund Aczon, David )
Samson and Ivan Lay; *401-K Fund by* )
*its trustees* Kenneth Spence, Conrad )
Murashige, Kenneth Sakurai, Wesley )
Mikuni, Alan Shintani, Kyle Chock, )
Ronald Taketa, Shayne Chung, Sean )
Newcamp, Ralph Hoohuli, Clyde )
Sugawa, Joyce Furukawa, and Travis )
Murakami, )
)
Plaintiffs, )
)
vs. )
)
AGSALUD CONSTRUCTION INC.; )
JOHN DOES 1-100; JANE DOES )
1-100; DOE CORPORATIONS )

1-100; DOE PARTNERSHIPS 1-100; )
DOE ENTITIES 1-100; DOE )
GOVERNMENTAL UNITS 1-100, )
)
Defendants. )
)
______________________________)

COMPLAINT

Plaintiffs above named, by and through their counsel, Miller Shea, LLLC, and for a cause of action against Defendant AGSALUD CONSTRUCTION INC. allege and aver as follows:

1. Plaintiffs identified above are the trustees of the Hawaii Carpenters Trust Funds, which include the Health & Welfare Trust Fund, Apprenticeship & Training Fund, Vacation & Holiday Fund, Market Recovery Program Fund, Financial Security Fund, Retiree Medical Fund and 401-K Fund (hereinafter referred to collectively as the "Trust Funds" or "Plaintiffs").

2. This action arises under the Labor-Management Relations Act, 1947, as amended, the Employee Retirement Income Security Act of 1974, and the Multiemployer Pension Plan Amendments Act of 1980, as hereinafter more fully appears. Jurisdiction is founded on questions arising thereunder and more specifically under 29 U.S.C. §§185(a), 1145, and 1132(a) and (f).

3. At all times material herein, each of the above-named Trust Funds was, and now is, an employee benefit plan organized and existing under the

laws of the United States and whose principal offices are in the City and County of Honolulu, State of Hawaii. At all times herein mentioned, each of the above-named Trust Funds was, and now is, an express trust created by a written agreement subject to and pursuant to Section 302 of the Labor-Management Relations Act (29 U.S.C. §§186) and a multi-employer employee benefit plan within the meaning of the Employee Retirement Income Security Act (29 U.S.C. §§1002).

4. The Trust Funds are informed and believe, and thereon allege, that at all relevant times herein Defendant AGSALUD CONSTRUCTION INC. was and is a Hawaii corporation doing business in the City and County of Honolulu, State of Hawaii.

5. DOE DEFENDANTS are sued herein under fictitious names for the reason that their true names, identities and/or responsibilities to PLAINTIFFS are currently unknown except that they were in some manner involved in the conduct alleged herein and/or are somehow related to or in some manner responsible for the damages alleged herein by way of their negligence, breach of contract, breach of warranties, strict liability and/or other fault. Said DOE DEFENDANTS may include, but are not limited to, individuals and/or business entities, their principals, agents and/or employees who have dealt with any of the named DEFENDANTS.

6. On or about July 28, 2014, AGSALUD CONSTRUCTION INC. had made, executed and delivered to the United Brotherhood of Carpenters & Joiners of America, Local 745, AFL-CIO, a Collective Bargaining Agreement ("CBA") for the IU account. Under the terms of the CBA, AGSALUD CONSTRUCTION INC. promised to contribute and pay to the Trust Funds certain employee benefit contributions arising from work performed by AGSALUD CONSTRUCTION INC.'s covered employees. As part of the CBA, the Trust Funds would and did pay certain employee benefits to AGSALUD CONSTRUCTION INC.'s covered employees and eligible dependents. A true and correct copy of the CBA is attached hereto as Exhibit "A." Attached hereto as Exhibit "B" is a true and correct copy of the Certification of Receipt and Acceptance for the CBA signed by AGSALUD CONSTRUCTION INC for the IU account.

7. Under the terms of the CBA, Defendant promised to contribute and pay to the Trust Funds certain employee benefit contributions arising from work performed by Defendant's covered employees, which amounts should be paid to the Trust Funds on or before the due dates as specified in the CBA.

8. In accordance with the terms of the CBA, Defendant promised to submit timely reports to the Trust Funds reporting hours worked by Defendant's covered employees, which reports would be submitted to the Trust Funds on or

before the due dates as specified in the CBA, to permit audits and to allow inspection of their payroll records so that Plaintiffs are able to ascertain whether all contributions due have been paid.

9. In accordance with the terms of the CBA, Defendant agreed to be subject to and bound by all terms and conditions of the various trust agreements, and further promised that in the event any monthly contributions were not paid when due, Defendant would pay to each trust fund liquidated damages in the amount of twenty percent (20%) of such delinquent and unpaid contributions due to each respective fund or twenty dollars($20.00), whichever is greater, for each and every delinquent monthly contribution as provided by the CBA, for each delinquency as and for liquidated damages and not as a penalty.

10. In accordance with the terms of the CBA and 29 U.S.C. §1132(g)(2), the Trust Funds are entitled to recover liquidated damages in lieu of the liquidated damages described in paragraph 9 above, in a sum equivalent to interest in the rate of twelve percent (12%) per annum on all unpaid contributions, if such amount is greater than the liquidated damages described in paragraph 9 above.

11. Under the terms of the CBA and 29 U.S.C. §1132(g)(2), the Trust Funds are entitled to interest at the rate prescribed by the collective bargaining agreement of twelve percent (12%) per annum on any unpaid trust fund

contributions.

12. In accordance with the terms of the CBA, Defendant agreed that payment of employee benefit contributions to the various Trust Funds would be based upon the total number of hours worked by each covered employee. Defendant employed workers covered under the provisions of the CBA, and said workers performed work and labor undertaken by Defendant during the time the CBA was in full force and effect.

13. Based on information recently obtained, as of March 10, 2016 there is now known to be due, owing and unpaid to Plaintiffs from Defendant, contributions, lost earnings, and liquidated damages as follows:

IU Account

| | |
|---|---|
| Contributions | $72,405.76 |
| Liquidated Damages | $14,490.16 |
| 12% Fund Interest | $1,011.41 |
| 401k Lost Earnings Interest | $20.84 |
| Total | $87,928.17 |

Together with additional interest at a per diem rate of twelve percent (12%) per annum until judgment and such other further amounts as may be proven at trial on hearing of proof. Defendant has failed to timely report hours or pay required contributions for April and May 2016 such that the above amounts will increase once the required information is provided by Defendant.

14. Defendant's obligations to the Trust Funds to pay trust fund contributions are continuing obligations and Defendant may accrue and owe additional trust fund contributions, lost earnings, and liquidated damages up to the time of trial or proof.

15. At all times mentioned herein, it was, and now is, impracticable and extremely difficult to fix the amount of actual damages suffered by the Trust Funds as a result of the non-payment of said trust fund contributions by Defendant. The amounts agreed upon herein, as hereinbefore alleged, as and for liquidated damages, represented and now represent a reasonable endeavor to ascertain and compensate the Trust Funds for the damages suffered by the Trust Funds arising from the non-payment of trust fund contributions by Defendant.

16. In accordance with the terms of the CBA and 29 U.S.C. §1132(g)(2)(D), Defendant further promised that if it became necessary for the Trust Funds to take legal action to enforce payment of contributions, lost earnings, and/or liquidated damages from Defendant, Defendant would pay all court and collection costs and reasonable attorneys' fees.

17. Based on the foregoing, the Trust Funds have been damaged in the principal sum of $72,405.76, liquidated damages in the amount of $14,490.16, 12% interest in the amount of $1,011.41, and 401(k) interest in the amount of $20.84, and such further amounts, including but not limited to attorneys' fees and

costs, as may be proven at trial or hearing on proof.

18. It has been necessary for the Trust Funds to engage counsel for the purpose of collecting the trust fund contributions, lost earnings, and liquidated damages described above and to compel production of payroll records, and the Trust Funds are entitled to reasonable attorneys' fees and costs in connection therewith pursuant to the CBA and 29 U.S.C. §1132(g)(2).

WHEREFORE, the Trust Funds pray for judgment against Defendants as follows:

(a) That the Court compel and order Defendant to submit timely reports and payments in accordance with the terms of the collective bargaining agreement.

(b) That the Court compel and order Defendant to produce certain time sheets and payroll records and permit the Trust Funds to audit their payroll books and records as allowed by the collective bargaining agreement.

(c) That the Defendant remit to the Trust Funds such amounts as may be determined to be due and owing after the necessary reports have been provided, and/or after the necessary payroll audit has been permitted, plus such other amounts as may be due and owing at the time of trial or hearing on proof.

(d) That Defendant furnish to each of the seven (7) Plaintiffs' trust funds a surety bond or cash-in-escrow in the amount of Defendant's last three

months of contributions or $5,000.00, whichever is greater.

(e) That the Trust Funds recover from Defendant the principal sum of $72,405.76, liquidated damages in the amount of $14,490.16, 12% interest in the amount of $1,011.41, and 401(k) interest in the amount of $20.84, and such further amounts as may be proven at trial or hearing on proof.

(f) That the Trust Funds recover from Defendant such additional amounts as may, by proof, be shown to be due and owing at the time of trial or hearing on proof.

(g) That the Trust Funds recover from Defendant their costs of court, disbursements and reasonable attorneys' fees due pursuant to the collective bargaining agreement and 29 U.S.C. §1132(g)(2).

(h) That the Trust Funds have such further and additional relief as the Court deems just and proper.

DATED: June 23, 2016 at Honolulu, Hawaii.

/s/ Jeffrey P. Miller
JEFFREY P. MILLER
Attorney for Plaintiffs
TRUSTEES OF THE HAWAII
CARPENTERS TRUST FUNDS