Of Counsel:
MILLER SHEA
A Limited Liability Law Company

JEFFREY P. MILLER    7559-0
1001 Bishop Street, Suite 2925
Honolulu, Hawaii  96813
Telephone:  (808) 536-2442
Facsimile:  (808) 369-8281
Email:  jeff@millershealaw.com

Attorneys for Plaintiffs
TRUSTEES OF THE HAWAII
CARPENTER TRUST FUNDS

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII CARPENTERS TRUST FUNDS, *Health & Welfare Fund by its trustees* Henry Iida, Russell Young, Audrey Hidano, Glen Kaneshige, Eric Hashizume, George Ehara, Ronald Taketa, Kyle Chock, Shayne Chung, Conrad C. Verdugo, Jr., Ralph Hoohuli, and Travis Murakami; *Apprenticeship & Training Fund by its trustees* Claude Matsumoto, Thomas Toma, Conrad Murashige, Dale Sakamoto-Yoneda, Roy Morioka, Vince Nihipali, Sheri Mau, Mike Goodnight, Kyle Chock, Ronald Taketa, Mitchell Tynanes, Sean Newcamp, Ralph Hoohuli and Travis Murakami; *Vacation & Holiday Fund by its trustees* Gerard Sakamoto, James Watanabe, Paul | CIVIL NO. 16cv00343 DKW-KJM<br><br>FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT AGSALUD CONSTRUCTION INC. |

1

Silen, Paul Sasaki, Jay Kadowaki,           )
Sharon Thom, Roy Morioka, Kyle              )
Chock, Sean Newcamp, Mitchell               )
Tynanes, Ralph Hoohuli, and Travis          )
Murakami; *Market Recovery Program*         )
*by its trustees* Thalia Choy, Alan         )
Shintani, Justin Izumi, Ken                 )
Kawamoto, Gerard Sakamoto, Bill             )
Wilson, Lance Wilhelm, Leonard              )
Hoshijo, Justin Kochi, Garrett Takara,      )
Sean Newcamp, Kyle Chock, David             )
Samson and Mitchell Tynanes;                )
*Financial Security Fund by its*            )
*trustees* Kenneth Spence, Conrad           )
Murashige, Kenneth Sakurai, Wesley          )
Mikuni, Alan Shintani, Kyle Chock,          )
Ronald Taketa, Shayne Chung, Sean           )
Newcamp, Garrett Takara, Ralph              )
Hoohuli, Clyde Sugawa, Joyce                )
Furukawa, and Travis Murakami;              )
*Drywall Training Fund by its trustees*     )
Vince Nihipali, Sr., Lito Alcantra,         )
Bert Beaman, Mike Goodnight, Kevin          )
Respecki, Sean Newcamp, Garrett             )
Takara, Edmund Aczon, David                 )
Samson and Ivan Lay; *401-K Fund by*        )
*its trustees* Kenneth Spence, Conrad       )
Murashige, Kenneth Sakurai, Wesley          )
Mikuni, Alan Shintani, Kyle Chock,          )
Ronald Taketa, Shayne Chung, Sean           )
Newcamp, Ralph Hoohuli, Clyde               )
Sugawa, Joyce Furukawa, and Travis          )
Murakami,                                   )
                                            )
                    Plaintiffs,             )
                                            )
         vs.                                )
                                            )

AGSALUD CONSTRUCTION INC.;  )
JOHN DOES 1-100; JANE DOES     )
1-100; DOE CORPORATIONS        )
1-100; DOE PARTNERSHIPS 1-100; )
DOE ENTITIES 1-100; DOE        )
GOVERNMENTAL UNITS 1-100,      )
                               )
      Defendants.              )
                               )
_____)

## FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT AGSALUD CONSTRUCTION INC.

Plaintiffs HAWAII CARPENTERS TRUST FUNDS, by its trustees, et al. (hereinafter "HCTF"), filed their motion for Default Judgment Against Defendant Agsalud Construction Inc. on September 19, 2016 ("Motion").  ECF No. 11.  Defendant was served with a copy of the Motion, but did not file and opposition or otherwise respond to the Motion.  On November 10, 2016, a hearing on the Motion was held, and no appearance was made by Defendant.  After careful consideration of the Motion, the declarations, exhibits, and the record established in this action, the Court FINDS AND RECOMMENDS that the Motion be GRANTED.

## I.      BACKGROUND

On June 24, 2016, Plaintiffs filed a Complaint against Agsalud Construction Inc.  ECF No. 1.  The Complaint alleges that Agsalud Construction

Inc. is a signatory to the Collective Bargaining Agreement ("CBA") with the

Hawaii Regional Council of Carpenters.  Paragraphs 6-7.  Pursuant to the CBA,

each month Agsalud Construction Inc. is required to submit to the Hawaii

Carpenters Trust Funds office a report detailing the number of hours each of its

employees worked on a union jobsite for the previous calendar month.  Paragraph

7.  The report details the hourly benefit rate for each of the trust funds for each

employee, based on the employee's classification, and calculates the amount of

contributions owed under the CBA based on the classification of the employee and

the number of hours worked.  Paragraph 8.  The employer is required to submit the

reported hours and calculated contributions to the trust funds no later than the

twenty fifth day of the month following the work performed in the prior calendar

month.  (Id.)

   The Complaint alleges that Agsalud Construction Inc. submitted its

reports for the hours worked but did not submit the contributions owed pursuant to

the hours worked by its employees and reported by Agsalud Construction Inc.

Paragraph 13.  Pursuant to the CBA, Agsalud Construction Inc. is assessed

liquidated damages and interest for any late contributions payment.  Paragraph 10.

Despite repeated demands, Agsalud Construction Inc. has failed to pay the

contributions owed or the other assessments mandated by the CBA.  Paragraph 13.

## II.   DISCUSSION

Default judgment may be entered for the plaintiffs if the defendant has defaulted by failing to appear and the plaintiffs' claim is for a sum certain or for a sum which can by computation be made certain.  F.R.C.P. Rule 55(b)(1), (2).  The granting or denial of a motion for default judgment is within the discretion of the court.  Hawaii Carpenters Trust Funds v. Stone, 794 F.2d 508, 511-512 (9th Cir. 1986).  Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible.  Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986).  The court should consider the following factors in deciding whether to grant a motion for default judgment:

(1)   the possibility of prejudice to the plaintiff;

(2)   the merits of plaintiff's substantive claim;

(3)   the sufficiency of the complaint;

(4)   the sum of money at stake in the action;

(5)   the possibility of a dispute concerning material facts;

(6)   whether the default was due to excusable neglect; and

(7)   the strong public policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72.

On default, "the factual allegations of the complaint, except those

5

relating to the amount of damages, will be taken as true." TeleVidio Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-918 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)).  The allegations in the complaint regarding liability are deemed true, but the plaintiff must establish the relief to which it is entitled.  Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).

A.    Jurisdiction

Before considering the merits of default judgment, the Court has an affirmative obligation to determine whether or not it has subject matter jurisdiction over this action and personal jurisdiction over Defendant.  See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place.")  First, the Court has subject matter jurisdiction over Plaintiffs' claims related to unpaid contributions pursuant to the Employment Retirement Income Security Act of 1974, as amended.  See 29 U.S.C. §§ 1132(e), 1145.  Second, the Court has personal jurisdiction over Defendant.  Personal jurisdiction can be acquired by personal service or by a defendant's "minimum contacts" with the jurisdiction.  Cripps, 980 F.2d at 1267 (citing Burnham v. Superior Court of Cal., 495 U.S. 604 (1990)).  Here, Plaintiffs

assert that service was made on Defendant "in accordance with Rule 4 of the

Federal Rules of Civil Procedure" on July 3, 2016.  Decl. of Jeffrey P. Miller

submitted in support of Request for Entry of Default, ECF No. 8-1, ¶¶ 4-5; see also

ECF No. 7.  This service is sufficient under 29 U.S.C. § 1132(e)(2).

      B.    Application of the Eitel Factors

      Following a determination that jurisdiction is proper, the Court must

consider whether default judgment is appropriate under the Eitel factors outlined

above.  The Court will address each factor in turn.

      1.    The Possibility of Prejudice to Plaintiffs

      The first factor considers whether Plaintiffs would suffer prejudice if

default judgment is not entered.  See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F.Supp.

2d 1172, 1177 (C.D. Cal. 2002).  Here, absent entry of default judgment, Plaintiffs

would be without another recourse for recovery.  Accordingly, the first of the Eitel

factors favors the entry of default judgment.

      2.    Merits of Plaintiffs' Substantive Claims

      As noted above, for purposes of liability the factual allegations in the

complaint are taken as true on default.  TeleVidio Sys., Inc. v. Heidenthal, 826

F.2d 915, 917-918 (9th Cir. 1987); Fair Housing of Marin v. Combs, 285 F.3d 899,

906 (9th Cir. 2002).

Here, Plaintiffs filed this action to recover the contributions and

statutory liquidated damages and interest owed to Plaintiff.  The terms of the

Collective Bargaining Agreement required Defendant to timely pay the

contributions owed by Defendant for the work performed for Defendant by its

covered employees, and Defendant was assessed statutory liquidated damages and

interest for its failure to pay required contributions.  Defendant failed to pay the

amounts owed under the Collective Bargaining Agreement.  Plaintiffs' allegations,

taken as true, are sufficient to establish that Plaintiffs are entitled to judgment

against Defendant requiring it to pay the contributions and other amounts owed.

Accordingly, this factor weighs in favor of default judgment.

    3.   <u>Sufficiency of the Complaint</u>

The Complaint sufficiently alleges Plaintiffs' entitlement to the

contributions and other amounts owed to Plaintiff pursuant to the Collective

Bargaining Agreement.  The Court finds that the sufficiency of the allegations of

the Complaint weigh in favor of default judgment.

    4.   <u>Sum of Money at Stake</u>

The Court "must consider the amount of money at stake in relation to

the seriousness of Defendant's conduct."  <u>PepsiCo, Inc.</u>, 238 F. Supp. 2d at 1177

(citing <u>Eitel</u>, 782 F.2d at 1472).  Plaintiffs seek $87,928.17 in contributions,

liquidated damages, 12% interest, and 401(k) lost earnings interest.  Complaint

¶13; ECF No. 11-1 at 117.  Additionally, Plaintiffs seek attorneys' fees and costs

of $2,058.93.  ECF No. 11-1 at 123.  Plaintiffs' Complaint is tailored to specify the

various categories of sums owed pursuant to the Collective Bargaining Agreement.

The Court finds this factor weighs in favor of default judgment.

> 5.   Possibility of Dispute Concerning Material Facts

As noted above, the well-pled factual allegations of the Complaint,

except those relating to damages, are taken as true.  TeleVideo Sys., Inc., 826 F.2d

at 917-18.  Defendant has been given a fair amount of time to respond to the

allegations of the Complaint and deny it failed to pay the contributions, but has

failed to do so.  Further, Plaintiffs submitted admissible evidence of the amount of

damages based upon the number of hours Defendant's employees worked which

were reported by Defendant.  Because no dispute has been raised regarding

Plaintiffs' material factual allegation contained in the Complaint, the Court finds

that this factor favors default judgment.

> 6.   Whether Default Was Due To Excusable Neglect

The Court finds that the default was not the result of excusable

neglect.  Plaintiffs served Defendant with the Complaint on July 3, 2016.  ECF No.

4.  Defendant did not file a response to the Complaint.  On August 4, 2016,

Plaintiffs served Defendant with Plaintiffs' Ex Parte Request to Clerk for Entry of Default, yet Defendant to date has not sought to set aside the default entered on August 5, 2016.  ECF No. 8.  In addition, Plaintiffs served Defendant with the notice of this Motion on September 19, 2016.  ECF No. 11.

The record suggests that Defendant's default was not the result of excusable neglect, but rather due to Defendant's conscious and willful decision not to defend this action.  Consequently, this factor weighs in favor of default judgment.

7.    Policy Favoring Decisions of the Merits

Defendant's failure to answer Plaintiffs' Complaint or appear in this

matter makes a decision on the merits impracticable, if not impossible.  Under Rule

55, "termination of a case before hearing on the merits is allowed whenever a

defendant fails to defend an action."  PepsiCo, Inc., 238 F. Supp.2d at 1177; see

also, Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 501 (C.D.

Cal. 2003) ("the mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh

Eitel Factor is not alone dispositive").  Defendant herein has failed to defend this

action which has rendered adjudication on the merits impracticable if not

impossible.  This factor does not preclude the Court from entering default

judgment against Defendant.

8.    Totality of Eitel Factors

The Court finds that the totality of the factors weigh in favor of

entering default judgment in Plaintiffs' favor and against Defendant.

III.    DAMAGES

Plaintiffs request the following: (1) $72,405.76 in delinquent

contributions; (2) $14,490.16 in liquidated damages; (3) $1,011.41 in 12% interest

and $20.84 in 401(k) lost earnings interest; and (4) $1,273.59 in attorneys' fees and

costs and $785.34 in anticipated attorneys' fees and taxes.  ECF No. 11-7.  Each

category of requested relief is addressed below.

### 1.    Delinquent Contributions

Plaintiffs contend that Defendant owes delinquent contributions in the

amount of $72,405.76.  In support of this contention, Plaintiffs submitted a report

of the Accounts Receivable of Hawaii Carpenters Trust Funds which reflect

$72,405.76 in outstanding contributions from Defendant.  ECF No. 11-7.  The

Court finds Plaintiffs have established damages in the amount of $72,405.76 for

delinquent contributions.

### 2.    Liquidated Damages

Plaintiffs seek liquidated damages of $14,490.16.  This amount is

itemized on the Accounts Receivable Report.  ECF No. 11-7.  The collective

bargaining agreement and 29 U.S.C. § 1132(g)(2)(C) provide that Plaintiffs are

entitled to recover liquidated damages equal to twenty percent of delinquent trust

fund contributions.  See Ex. A to Complaint, ECF No. 1-1 at 28-29; 29 U.S.C. §

1132(g)(2)(C).  Based on Plaintiffs' documentation, and the applicable statutory

provision, the Court finds that Plaintiffs have established liquidated damages in the

amount of $14,490.16.

### 3. Interest and 401(k) Lost earnings Interest

Plaintiffs seek interest in the amount of $1,011.41 and 401(k) lost earnings interest of $20.84. ECF No. 11-1 at 4, 10. The Accounts Receivable Report reflects interest and 401(k) lost earnings interest due. ECF No. 11-7. The collective bargaining agreement and 29 U.S.C. § 1132(g)(2) provide that Plaintiffs are entitled to recover interest on unpaid contributions. See Ex. A to Complaint, ECF No. 1-1 at 28-29; 29 U.S.C. § 1132(g)(2)(B). Based on the documentation provided by Plaintiffs, the terms of the collective bargaining agreement, and the applicable statutory provision, the Court finds that Plaintiffs have established that they are entitled to interest and 401(k) lost earnings interest in the amount of $1,032.25.

### 4. Attorneys' Fees and Costs

An award of reasonable attorneys' fees and costs is mandatory in all successful actions to recover delinquent contributions under 29 U.S.C. §1132(g) and §1145. Further, the Collective Bargaining Agreement requires Defendant to pay reasonable attorneys' fees and costs incurred in any collection efforts. See Ex. A to Complaint, ECF No. 1-1 at 29. Reasonable attorneys' fees and costs are generally based on the traditional "lodestar" calculation, which multiplies (1) the number of hours reasonably expended by (2) a reasonable hourly rate. Hensley v.

Eckerhart, 461 U.S. 424, 433 (1983); Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000).  The lodestar amount may also be adjusted based on an evaluation of factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Circ. 1975), which have not been subsumed in the lodestar calculation.  See Fischer, 214 F.3d at 1119 (citation omitted.)

Here, Plaintiffs request $1,273.59 in reasonable attorneys' fees and costs already incurred.  Decl. of Jeffrey P. Miller submitted in support of Motion ("Miller Decl."), ECF No. 11-2 at 128, ¶9.  The fees requested represent 2.7 hours of work performed by Jeffrey P. Miller, Esq. at a rate of $250.00 per hour plus the GET.  ECF No. 11-1 at 123.  Mr. Miller was admitted to the bar in 1988 and has practiced continuously since that time.  ECF No. 11-2 at 128.The Court finds that the hours requested for fees already incurred are reasonable.  Based on the Declaration of Mr. Miller and the invoices submitted with the Motion, the Court also finds that Plaintiffs are entitled to an award for the $566.80 in costs reasonably incurred in this action.  ECF No. 11-5 at 150-157.  In total, the Court finds that Plaintiffs are entitled to $1,273.59 in attorneys' fees, taxes, and costs already incurred.

In addition to the fees already incurred, Plaintiffs request $750.00, plus general excise tax of $35.34 for a total of $785.34 for anticipated attorneys'

fees and costs incurred in the drafting of this motion and finalization of the order and judgment thereafter.  ECF No. 11-1 at 123.  Based on the Declaration of Mr. Miller, the Court also finds that Plaintiffs are entitled to an award for the $785.34 in anticipated attorneys' fees reasonably incurred in this action.

## IV.   <u>CONCLUSION</u>

In accordance with the foregoing, the Court FINDS and RECOMMENDS that Plaintiffs' Motion be GRANTED as follows:

(1) Default judgment be entered in Plaintiffs' favor against Defendant Agsalud Construction Inc.

(2) Plaintiffs are entitled to damages in the amount of $72,405.76 for delinquent contributions, $14,490.16 for liquidated damages, $1,011.41 for 12% interest, and $20.84 401(k) lost earnings interest, and $2,058.93 of attorneys' fees and costs, for a total default judgment of $89,987.10.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawai'i, November 18, 2016.



    /S/ Kenneth J. Mansfield
Kenneth J. Mansfield
United States Magistrate Judge

*Hawaii Carpenters Trust Funds, et al. v. Agsalud Construction, Inc., et al.*; CV 16-343 DKW-KJM; F&R to Grant Plaintiff's Motion for Entry of Default Judgment Against Defendant